# EXHIBIT A

**Proposed Interim Cash Collateral Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                          :     Chapter 11
                                               :
CORPORATE RESOURCE                             :
SERVICES, INC., et al.,[1]                     :     Case No. 15- 11546 (      )
                                               :
            Debtors.                           :     (Jointly Administration Requested)
                                               :
---------------------------------------------------------x

**INTERIM ORDER (A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 105 AND 363(c)(2) AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPCY RULE 4001**

This Interim Order (the "*Interim Cash Collateral Order*") is made this __ day of July, 2015.

### RECITALS/FINDINGS OF FACT

A.    Corporate Resource Services, Inc. and its affiliated Debtors, (the "**Debtors**") have requested the use of Cash Collateral and absent authority to use Cash Collateral, the Debtors will not have sufficient available sources of working capital to preserve the value of their assets. The ability of the Debtors to obtain sufficient working capital and liquidity through the use of Cash Collateral as set forth in this Interim Cash Collateral Order is vital to the preservation and maintenance of the value of the Debtors' assets. Accordingly, the Debtors have an immediate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647). The Debtors' principal offices are located at 160 Broadway, 13th Floor, New York, New York, 10038.

1

need to obtain authorization to use Cash Collateral in order to, among other things, operate in the ordinary course of business and preserve and maximize the value of the assets of the Debtors' bankruptcy estate (as defined under Section 541 of the Bankruptcy Code, the "**Estate**") in order to maximize the recovery to all creditors of the Estate.

B. The terms of this Interim Cash Collateral Order are fair, just and reasonable under the circumstances

C. The continued use of Cash Collateral by the Debtors is necessary, essential and appropriate, and is in the best interest of and will benefit the Debtors, their creditors and their Estates, as its implementation will, among other things, provide the Debtors with the necessary liquidity to (a) continue to operate in the ordinary course of business and to successfully reorganize or efficiently liquidate the Debtors' assets, (b) preserve and maximize the value of the Debtors' Estates for the benefit of all the Debtors' creditors, and (c) avoid immediate and irreparable harm to the Debtors, their creditors, their businesses, their employees, and their assets.

D. Sufficient cause exists for immediate entry of this Interim Cash Collateral Order pursuant to Bankruptcy Rule 4001(c)(2).

E. The Debtors have provided means for adequate protection of its secured lender, Wells Fargo, and, as set forth herein, the Court deems such adequate protection appropriate for purposes of this Interim Order.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. Authorization to Use Cash Collateral. Subject to the terms and conditions of this Interim Cash Collateral Order, the Debtors shall be and hereby are authorized to use on an

interim basis, until August 31, 2015 (the "**Termination Date**"), the Cash Collateral subject to any valid, existing, binding and perfected liens and security interests held by Wells Fargo, for the payments of items set forth in the attached budget (the "**Budget**"). Nothing in this Interim Cash Collateral Order shall authorize the disposition of any assets of the Debtors or the Estates outside the ordinary course of business, or any Debtors' use of Cash Collateral or other proceeds resulting therefrom, except as permitted in this Interim Cash Collateral Order. A copy of the Budget, as modified on the record at the hearing, is attached hereto as **Exhibit A.**

2      Disposition of Collateral. Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral in any way inconsistent with the terms and conditions of this Interim Cash Collateral Order without an order of this Court.

3.      As adequate protection for the use of cash collateral alleged to be that of Wells Fargo, Wells Fargo shall be granted valid, binding, enforceable and automatically perfected replacement liens on and security interests in the same types and items of the Debtors' property that Wells Fargo held a valid, enforceable, binding and, properly perfected lien or Security Interest in prepetition (the "**Replacement Liens**"). For the avoidance of doubt, the Replacement Liens, and any other form of adequate protection provided for under this Order, shall be only valid to the extent that Wells Fargo has a valid, binding, enforceable and perfected lien against the cash collateral of any of the Debtors and the Debtors are unable to avoid such lien under Chapter 5 of the Bankruptcy Code or other applicable law.

4.      As additional adequate protection for the use of the cash collateral in which Wells Fargo asserts and interest, Wells Fargo shall be granted, solely to the extent of any diminution in the value of Wells Fargo's alleged collateral, pursuant to Section 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Cases; provided, however,

that the Wells Fargo Adequate Protection Superpriority Claim shall only extend to the extent that Wells Fargo maintains a valid, binding, enforceable and perfected prepetition lien against the Prepetition Collateral. Further, the Wells Fargo Adequate Protection Superpriority Claim shall not extend to any causes of actions commenced, or that may be commenced, pursuant to chapter 5 of the Bankruptcy Code, including but not limited to causes of action against Wells Fargo or the proceeds of the foregoing. The Wells Fargo Adequate Protection Superpriority Claim shall (i) be junior only to the any superpriority claims granted pursuant to debtor in possession financing that may arise during the case and the Carve-Out Expenses, and (ii) otherwise have priority over all administrative expense claims and unsecured claims against Debtors and their Estates now existing or hereafter arising, of any kind or nature whatsoever

5. Finally, as adequate protection for the use of Wells Fargo's cash collateral, the Debtors shall, in accordance with the Budget, reserve adequate protection payment amounts for Wells Fargo.

6. During the term of this Order, other than ordinary salary payments, the Debtors shall not make any payments to any individual who is an Insider (as that terms is defined in the Bankruptcy Code) of any of the Debtors, or to any individual who is an Insider of any Affiliate of the Debtors,

7. Binding Effect. The provisions of this Interim Cash Collateral Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this Interim Cash Collateral Order pursuant to Bankruptcy Rules 6004(g) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including without limitation any order which may be entered confirming any plan of reorganization, converting one or more of the Cases to any other chapter under the Bankruptcy Code, or dismissing one or more of the Case.

8.  This Interim Cash Collateral Order shall be binding upon Debtors, all parties in interest in the Cases and their respective successors and assigns, including any trustee or other fiduciary appointed in the Cases or any subsequently converted bankruptcy case(s) of any Debtors.

9  Objections Overruled. All objections to the entry of this Interim Cash Collateral Order are, to the extent not withdrawn, hereby overruled. Notwithstanding the foregoing, all objections to the continued use of cash collateral, outside of what is approved within this Interim Order, including any objections raised at the hearing on July __, 2015, are preserved on a going forward basis.

10. Final Hearing. The Final Hearing on the *Debtors' Motion for Interim and Final Orders: Authorizing Debtors to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(c)(2).;and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "**Motion**"), pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for August __ 2015, at _____ _.M. prevailing Eastern time before this Court (the "**Final Hearing**"). The Debtors shall, within three (3) business days of the entry of this Interim Order by the Court, serve by overnight mail copies of this Interim Order to the Noticed Parties, as defined in the Motion. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections that conform to the applicable Bankruptcy Rules and Local Rules, which objections shall be served upon (a) the U.S. Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; (b) counsel for the Debtors: Gellert Scali Busenkell & Brown, LLC, 913 Market Street, Suite 1001, Wilmington, DE 19801 (Attn: Ronald S. Gellert); and shall be filed with the Clerk

of the United States Bankruptcy Court for the District of Delaware, no later than August __, 2015.

Dated: July __, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

**Corporate Resource Services, Inc.**
**13 Week Cash Budget**
(000's Omitted)

| Week Ending | 1<br>7/24/15<br>Projected | 2<br>7/31/15<br>Projected | 3<br>8/7/15<br>Projected | 4<br>8/14/15<br>Projected | 5<br>8/21/15<br>Projected | 6<br>8/28/15<br>Projected | 7<br>9/4/15<br>Projected | 8<br>9/11/15<br>Projected | 9<br>9/18/15<br>Projected | 10<br>9/25/15<br>Projected | 11<br>10/2/15<br>Projected | 12<br>10/9/15<br>Projected | 13<br>10/16/15<br>Projected | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RECEIPTS:** | | | | | | | | | | | | | | |
| Collection on AR | $ 100 | $ 95 | $ 90 | $ 86 | $ 90 | $ 100 | $ 150 | $ 100 | $ 80 | $ 76 | $ 72 | $ 100 | $ 125 | $ 1,264 |
| Misc. Other | - | - | - | - | - | 300 | - | - | - | - | - | - | - | 300 |
| TOTAL RECEIPTS | $ 100 | $ 95 | $ 90 | $ 86 | $ 90 | $ 400 | $ 150 | $ 100 | $ 80 | $ 76 | $ 72 | $ 100 | $ 125 | $ 1,564 |
| **DISBURSEMENTS:** | | | | | | | | | | | | | | |
| Staff Payroll Expense | - | 46 | 46 | 46 | 46 | 46 | 46 | 46 | 46 | 46 | 46 | 46 | 46 | 552 |
| Benefits | - | 10 | - | - | - | 10 | - | - | - | - | 10 | - | - | 30 |
| Rent/Storage | - | 13 | 7 | - | - | 13 | 7 | - | - | - | 13 | 7 | - | 60 |
| Office Expenses | 1 | 2 | 1 | 1 | 1 | 2 | 1 | - | 1 | 1 | 2 | 1 | 1 | 16 |
| Utilities | - | 2 | - | - | - | 2 | - | - | - | - | 2 | - | - | 6 |
| General Insurance | - | - | 20 | - | - | - | 20 | - | - | - | - | 20 | - | 60 |
| T & E | 1 | 2 | 1 | 1 | 1 | 2 | 1 | 1 | 1 | 1 | 2 | 1 | 1 | 16 |
| Misc. | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 65 |
| Wells Fargo Reserve | - | - | 10 | - | - | - | 10 | - | - | - | 10 | - | - | 30 |
| Ordinary Course Professionals | - | 35 | 12 | 12 | 12 | 35 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 190 |
| BK Professionals | 25 | 23 | 33 | 98 | 13 | 13 | 13 | 98 | 13 | 13 | 13 | 98 | 35 | 488 |
| Total | $ 32 | $ 138 | $ 135 | $ 163 | $ 78 | $ 128 | $ 115 | $ 163 | $ 78 | $ 78 | $ 115 | $ 190 | $ 100 | $ 1,513 |
| Cash Flow | $ 68 | $ (43) | $ (45) | $ (77) | $ 12 | $ 272 | $ 35 | $ (63) | $ 2 | $ (2) | $ (43) | $ (90) | $ 25 | $ 51 |
| Cumulative | $ 68 | $ 25 | $ (20) | $ (97) | $ (85) | $ 187 | $ 222 | $ 159 | $ 161 | $ 159 | $ 116 | $ 26 | $ 51 | |
| Beginnig Cash | $ 10 | $ 78 | $ 35 | $ (10) | $ (87) | $ (75) | $ 197 | $ 232 | $ 169 | $ 171 | $ 169 | $ 126 | $ 36 | $ 61 |
| Cash Flow | 68 | (43) | (45) | (77) | 12 | 272 | 35 | (63) | 2 | (2) | (43) | (90) | 25 | 51 |
| Ending Cash | $ 78 | $ 35 | $ (10) | $ (87) | $ (75) | $ 197 | $ 232 | $ 169 | $ 171 | $ 169 | $ 126 | $ 36 | $ 61 | $ 112 |